ORIGINAL

PACIFIC JUSTICE CENTER
A Hawai'i non-profit public interest law firm
Of Counsel
Law Office of Michael G.M. Ostendorp
A Limited Liability Law Company
Mailing Address:   P.O. Box 4317
                   Honolulu, Hawai'i  96812
Office Address:    333 Queen Street, Ste. 803
                   Honolulu, Hawai'i 96813
Tel:    (808) 531-5655
Fax:    (808) 531-1020
Email:  michaelostendorp@gmail.com

Attorney for Plaintiff
LESLIE A. MONIZ-WORTMAN

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
FEB 11 2008
at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

CV08 00053 ACK BMK

| | |
|---|---|
| LESLIE A. MONIZ-WORTMAN, | COMPLAINT; EXHIBIT "1" and SUMMONS |
| Plaintiff, | |
| vs. | |
| HAWAIIANA MANAGEMENT COMPANY, LTD., | |
| Defendant. | |

## I. INTRODUCTION

1.   This is an action for damages and declaratory relief, brought by LESLIE A. MONIZ-WORTMAN, ("Plaintiff"), a consumer, against

HAWAIIANA MANAGEMENT COMPANY, LTD., ("Defendant"), a debt collector, in response to the Defendant's practices which violate the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Plaintiff institutes this action against Defendant for statutory damages, actual damages, declaratory relief, attorney fees, and costs.

## II. Jurisdiction

3. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because all pertinent events took place within the State of Hawai'i.

## III. Parties

4. Plaintiff is a natural person residing in the City and County of Honolulu, State of Hawai'i. Ms. Wortman is a "consumer" and "debtor" as the term is defined and used in the FDCPA.

5. Defendant Hawaiiana is a Hawai'i corporation, doing business at 711 Kapiolani Blvd. Suite 700. Hawaiiana is a "debt collector" as the term is defined and used in the FDCPA. 15 U.S.C. § 1692a(5-6).

## IV. FACTS

6.  On a date or dates unknown to Plaintiff, an alleged debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

7.  Thereafter, Defendant sent a collection letter to Plaintiff which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

8.  The collection letter [Exhibit "1"] is dated November 30, 2007.

9.  A true and accurate copy of the collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

10. Plaintiff is informed, believes, and alleges that the collection letter [Exhibit "1"] was Defendant's initial communication with Plaintiff in connection with the collection of a debt allegedly owed to Waikalani Woodlands.

11. The collection letter (Exhibit "1") states in part:

> If your account is not paid up to date within ten days of your receipt of this letter, we must refer this matter to the Association's attorney. Any costs, including attorney fees, will become collectable from you.

12.  The collection letter (Exhibit "1") also contains a contradictory assertion:

> <u>Notice pursuant to Fair Debit Collection Practices Act</u>
>
> You have thirty days from the date of receipt of your first notice about this obligation to dispute the debt.

13.  The collection letter (Exhibit "1") described above violates § 1692g(a) of the FDCPA.

14.  The collection letter (Exhibit "1") threatens the possibility of collection of attorney fees which could exceed twenty-five percent of the alleged $411.04 principle debt ("<u>Any</u> collection costs, including attorney's fees, will become collectable from you."). Defendant's threatened collection of "any" attorney fees is contrary to Sections 443B-9(a) and 480D3(11) of the Hawai'i Revised Statutes. ("H.R.S.").

15.  The collection letter (Exhibit "1") was intended to intimidate an unsophisticated debtor into believing she must ignore her right to take thirty-days to verify the debit and act instead within ten-days.

16.  Defendant drafted and designed its collection letter to instill a false sense of urgency in the reader, ("If your account is not paid up to date within ten days") in violation of 15 U.S.C. §§ 1692e and 1692e(10).

17. Defendant represented or implied an imminent lawsuit commencing in ten-days ("we must refer this matter to the Association's attorney") with the intent to annoy, harass, and abuse Plaintiff, prior to verification of the debt in violation of 15 U.S.C. §§ 1692d, 1692e, and 1692e(10).

18. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt prior to the thirty-day validation period required by 15 U.S.C. § 1692.

19. Defendant violated the FDCPA, 15 U.S.C. § 1692f(1), by using unfair and unconscionable means to collect a debt.

19. Defendants violated FDCPA, 15 U.S.C. § 1692e(2) by misrepresenting the character, amount and legal status of the debt.

20. Defendant's acts as described above constitute unfair methods of competition and unfair or deceptive acts or practices in their attempt to collect a debt in violation of 15 U.S.C. § 1692, H.R.S. §§ 443B-9(a), 480D3(11) and 480-2.

## V. Claims for Relief

20. As a result of Defendant's violations of the FDCPA and various H.R.S. sections, Plaintiff is entitled to an award of actual damages,

statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k and H.R.S § 480-13.

21.  Wherefore, plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and H.R.S § 480-13(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and H.R.S § 480-13(a)(1);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and H.R.S § 480-13(a)(1);

d) A declaration that Defendant's practices violate the FDCPA;

e) Such further relief as the court deems just and proper.

DATED: Honolulu, Hawai'i, February 11, 2008.

MICHAEL G.M. OSTENDORP

Attorney for LESLIE A. MONIZ-WORTMAN